# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No. 3:22-cr-0002 |
| ) | |
| **DEAN THOMPSON,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the United States of America's Motion to Continue Trial and Exclude Time Under the Speedy Trial Act. (ECF No. 41.) For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including September 12, 2022.

The trial in this matter was initially scheduled to commence on March 21, 2022 and was continued to April 25, 2022. On April 21, 2022, the Court entered an order continuing the trial again to May 2, 2022. (ECF No. 40.) On April 25, 2022, the United States filed its motion to continue. (ECF No. 41.) The motion asserts multiple conflicts with the May 2nd trial date, namely: (1) material witness is unavailable on that date; and (2) defense counsel has a conflicting trial scheduled in the Superior Court. *Id.* at 1. Defense counsel does not object to the motion. *Id.* at 2.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension of time is necessary to enable material witnesses to testify at the trial. An extension is further necessary to allow Defendant Thompson to maintain continuity of counsel, which would be otherwise denied due to scheduling conflicts.

Under the Speedy Trial Act, courts may exclude "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness.[1]" 18 U.S.C.

---

[1] "[W]here a witness is unquestionably important to the prosecution's case, and the government has a good faith belief that it will use that witness's testimony at trial, the district court may treat that witness as 'essential' for Speedy Trial Act purposes." *United States v. Hamilton*, 46 F.3d 271, 277 (3d Cir. 1995). A witness is

*United States v. Thompson*
Case No.: 3:22-cr-0002
Order
Page 2 of 3

§3161(h)(3)(A). Further, when determine with a continuance would be in the interest of justice, should consider "[w]hether the failure to grant such a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel . . . ." 18 U.S.C. § 3161(h)(7)(B). Consistent with these concerns, the courts have granted continuances due to counsel's scheduling conflicts or a lack of witness availability. See *United States v. Stallings*, 701 F. App'x 164, 170-71 (3d Cir. 2017) (upholding an ends of justice continuance based in part on counsel's family emergency and scheduling conflicts); *United States v. Moore*, 216 F. Supp. 3d 566, 581 (E.D. Pa. 2016) (finding the that Speedy Trial Act was not violated where the court granted a continuance based on defense counsel's scheduling conflicts); *United States v. Paz*, No. 2019-39, 2019 U.S. Dist. LEXIS 187900 (D.V.I. Oct. 30, 2019) (granting a continuance where two essential witnesses were on emergency deployment).

The premises considered, it is hereby

**ORDERED** that United States' Motion to Continue Trial and Exclude Time Under the Speedy Trial Act, ECF No. 41, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through September 12, 2022, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than close of business on September 2, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

---

"unavailable" if "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B). "The unavailability bar is not a high one; in one case, a witness's prior wedding and honeymoon plans rendered him unavailable." *United States v. Paz*, No. 2019-39, 2019 U.S. Dist. LEXIS 187900, at *5 (D.V.I. Oct. 30, 2019) (quoting *United States v. Saeku*, 436 Fed. App'x 154, 161-62 (4th Cir. 2011).

The United States asserts that "[a] material witness, a Postal Inspector who interviewed Defendant," has "temporary duty travel" on the trial date. (ECF No. 41 at 1.) Considering the United States' assertions regarding the necessity of the witness and the witness' unavailability — to which Defendant Thompson did not object — the Court finds that the Postal Inspector is an unavailable essential witness within the meaning of 18 U.S.C. §3161(h)(7)(A).

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than September 7, 2022;[2] and it is further

**ORDERED** that the Jury Selection and Trial in this matter **SHALL** commence promptly at 9:00 a.m. on September 12, 2022, in St. Thomas Courtroom 1.

**Dated:** April 26, 2022                              /s/*Robert A. Molloy*
                                                      **ROBERT A. MOLLOY**
                                                      **Chief Judge**

---

[2] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.