DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v.                                           )<br>)<br>**DEAN THOMPSON,**                )<br>)<br>**Defendant.**                           )<br>                                                  ) | Case No. 3:22-cr-0002 |

**ORDER**

**BEFORE THE COURT** is the United States of America's Motion to Continue Trial and Exclude Time Under the Speedy Trial Act. (ECF No. 43.) For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including October 17, 2022.

On August 16, 2022, the United States filed the instant motion to continue. (ECF No. 43.) In its motion, the United States avers that a material witness, a United States Postal Service employee, will be traveling for his wedding beginning on September 9, 2022. *Id.* The witness will be returning to work on September 26, 2022. *Id.* The United States argues that the witness is the forensic chemist who identified the substance at issue in this matter as marijuana, and that "[w]ithout his testimony that element of the charges cannot be proven." *Id.* at 2. The United States argues that, as such, the ends of justice served by a continuance "materially outweighs the best interest of the public and the defendant." *Id.* Defendant Dean Thompson does not object to this motion. *Id.*

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension of time is necessary to enable a material witness to testify at the trial.

Under the Speedy Trial Act, courts may exclude "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness.[1]" 18 U.S.C. § 3161(h)(3)(A). Furthermore, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994) Consistent with these concerns, courts have granted continuances due to witness unavailability. *See United States v. Paz*, No. 2019-39, 2019 U.S. Dist. LEXIS 187900 (D.V.I. Oct. 30, 2019) (granting a continuance where two essential witnesses were on emergency deployment); *see also United States v. James*, No. 18-CR-216 (SRN/HB), 2019 U.S. Dist. LEXIS 25093, at *4 (D. Minn. Feb. 15, 2019)(granting a continuance based on an essential witness's preexisting travel plans); *United States v. Meyer*, 803 F.2d 246, 247 (6th Cir. 1986) (upholding a continuance where an essential witness was unavailable due to a wedding).

The premises considered, it is hereby

**ORDERED** that United States' Motion to Continue Trial and Exclude Time Under the Speedy Trial Act, ECF No. 43, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through October 17, 2022, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

---

[1] "[W]here a witness is unquestionably important to the prosecution's case, and the government has a good faith belief that it will use that witness's testimony at trial, the district court may treat that witness as 'essential' for Speedy Trial Act purposes." *United States v. Hamilton*, 46 F.3d 271, 277 (3d Cir. 1995). A witness is "unavailable" if "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B). "The unavailability bar is not a high one; in one case, a witness's prior wedding and honeymoon plans rendered him unavailable." *United States v. Paz*, No. 2019-39, 2019 U.S. Dist. LEXIS 187900, at *5 (D.V.I. Oct. 30, 2019) (quoting *United States v. Saeku*, 436 Fed. App'x 154, 161-62 (4th Cir. 2011).

The United States asserts that "a material witness, the forensic chemist who tested and determined that the substance was marijuana, is getting married and will be traveling for his wedding beginning September 9, 2022" to return to work on September 26, 2022. (ECF No. 43 at 1.) Considering the United States' assertions regarding the necessity of the witness and the witness' unavailability — to which Defendant Thompson did not object — the Court finds that the aforementioned forensic chemist is an unavailable essential witness within the meaning of 18 U.S.C. §3161(h)(7)(A).

*United States v. Thompson*
Case No.: 3:22-cr-0002
Order
Page 3 of 3

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than close of business on October 7, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than October 12, 2022;[2] and it is further

**ORDERED** that the Jury Selection and Trial in this matter **SHALL** commence promptly at 9:00 a.m. on October 17, 2022, in St. Thomas Courtroom 1.

**Dated:** September 7, 2022          /s/ *Robert A. Molloy*
                                      **ROBERT A. MOLLOY**
                                      **Chief Judge**

---

[2] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.