**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:22-cr-0002 |
| ) | |
| **DEAN THOMPSON,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

    **BEFORE THE COURT** is the Motion to Continue Jury Selection and Trial filed by the Defendant Dean Thompson ("Defendant Thompson") on October 12, 2022. For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including April 11, 2023.

    Defendant Thompson avers that his counsel has recently completed a trial and is scheduled to try two additional matters between October 24, 2022 and November 7, 2022, respectively. (ECF No. 46 at 1.) Defendant Thompson argues that his matter is "relatively new in comparison to each of the above," and that he is not incarcerated. *Id.* Defendant Thompson's counsel seeks a continuance in order to "provide competent and zealous representation to each Defendant." *Id.*

    The Government does not oppose this motion; however, they have represented that they are prepared to proceed to trial.

    While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension is necessary to allow Thompson to maintain continuity of counsel and to enable Defense Counsel to adequately prepare for trial.

    Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *see also United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994)

*United States v. Thompson*
Case No.: 3:22-cr-0002
Order
Page 2 of 2

("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Clark*, 577 F.3d 273, 279 (5th Cir. 2009) (upholding, *inter alia*, a continuance granted because the trial date conflicted with a trial that the Government was prosecuting in another city for which continuity of counsel was "extremely important").

The premises considered, it is hereby

**ORDERED** that Defendant Thompson's motion to continue, ECF No. 46, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through April 11, 2023 **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file a Notice of Readiness with the Court no later than March 31, 2023, indicating whether they are prepared to proceed to trial; its is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later March 31, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than April 5, 2023;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter **SHALL** commence promptly at 9:00 a.m. on April 11, 2023, in St. Thomas Courtroom 1.

**Dated:** October 14, 2022                /s/*Robert A. Molloy*
                                            **ROBERT A. MOLLOY**
                                            **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.