## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:22-cr-0002** |
| | ) | |
| **DEAN THOMPSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**APPEARANCES:**

**DELIA SMITH, UNITED STATES ATTORNEY**
**KYLE PAYNE, ASSISTANT UNITED STATES ATTORNEY**
OFFICE OF THE UNITED STATES ATTORNEY
ST. THOMAS, U.S. VIRGIN ISLANDS
  *FOR THE UNITED STATES*

**CARL WILLIAMS, ESQ.**
SMITH WILLIAMS, PLLC
ST. THOMAS, U.S. VIRGIN ISLANDS
  FOR DEFENDANT DEAN THOMPSON

DEAN THOMPSON, PRO SE

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

 **BEFORE THE COURT** is Defendant Dean Thompson's ("Thompson") Motion for Judgment of Acquittal or, in the Alternative, Motion for a New Trial, filed on July 10, 2023. (ECF No. 81.) While Thompson was represented by Attorney Carl Williams at all stages of these proceedings, including the trial of this matter, Thompson filed these motions *pro se.* The United States ("Government") filed an opposition on July 14, 2023. (ECF No. 87.) For the reasons stated below, the Court will deny the motion.

## I. FACTUAL AND PROCEDURAL HISTORY

 On February 3, 2022, a grand jury returned an indictment charging Dean Thompson with two counts: (1) conspiracy to possess with intent to distribute marijuana, and (2)

*United States v. Thompson*
Case No. 3:22-cr-0002
Order
Page 2 of 9

federal use of a communication facility to facilitate a felony. (ECF No. 13.) A jury trial for Thompson began on June 26, 2023. (ECF No. 70.)

During the trial, the Government moved to admit certain cell phone records from the phone of Thompson's alleged co-conspirator, Calvin Benjamin. (ECF No. 71.) According to the Government, portions of the records were intended to be used to explain the scope of the conspiracy and demonstrate that Thompson was an active participant in the conspiracy. (ECF Nos. 71 and 87.) While Thompson's attorney initially objected to the admission of Benjamin's cell phone records for lack of foundation and hearsay, counsel eventually withdrew the objection after a brief sidebar. *See* ECF No. 71. During the sidebar, defense counsel discovered that the Government had not only provided notice of its intent to offer the above-mentioned evidence but had provided a "certificate of authenticity" for the cell phone records as well. *See id.* Presumably seeing no other basis for objection, defense counsel withdrew his challenge, and the records were admitted into evidence.[1] Defense counsel did not object to the admission of the cell phone record evidence on the grounds that the evidence was highly prejudicial in nature. *See id.*

The trial continued, and on June 28, 2023, the jury found Thompson guilty of both counts. (ECF No. 78.)

Following his conviction, Thompson filed the instant motion *pro se* on July 10, 2023, seeking a judgment of acquittal, or alternatively, a new trial. (ECF No. 81.) In his motion, Thompson argues that he should be acquitted or at least receive a new trial due to, what Thompson believes, was ineffective assistance of counsel on the part of his attorney. *See id.* As the basis for this argument, Thompson claims that when the Government moved to introduce the cell phone record evidence during his trial, Thompson's attorney did not object to the evidence despite the "highly prejudicial" nature of the evidence. *Id.* at 2.[2] Thompson

---

[1] The cell phone records of Benjamin's phone were admitted as Government Exhibit 27. (ECF Nos. 64, 71, and 87.) A WhatsApp chat between Benjamin and Thompson taken from Benjamin's cell phone records was then admitted as Government Exhibit 10A. *See Id.*

[2] This allegation is contradicted by the record. *See* ECF No. 71. Defense counsel did, in fact, object to the admission of the cell phone record evidence. (ECF No. 71.) However, the objection was withdrawn shortly after. *See id.* Therefore, it would be more accurate for Thompson to say he is claiming he received ineffective assistance because counsel did not maintain an objection to the admission of the evidence or that he did not challenge the admission on the grounds that the evidence was highly prejudicial.

argues his defense attorney's failure to maintain an objection to the admission of this evidence on prejudice grounds constitutes ineffective assistance of counsel because, according to Thompson, the Court already excluded the same evidence in Thompson's previous criminal case, *United States v. Benjamin et al.*, 3:17-cr-00021.[3] *See id.* at 1. In other words, Thompson contends that since the phone record evidence had already been excluded in a related case, there were obvious and meritorious grounds to object to the introduction of the phone evidence in the case at bar. Therefore, Thompson argues, defense counsel's failure to adequately challenge the admissibility of the phone record evidence in the instant case constituted ineffective assistance of counsel because, without the phone evidence, Thompson argues there would be insufficient evidence to convict him on either Count One or Count Two. *See id.*

The Government filed a response to Thompson's motion on July 14, 2023. (ECF No. 87.) The matter is now properly before the Court.

## II.   LEGAL STANDARD

### A.   Rule 29—Motion for Judgment of Acquittal

Under Rule 29 of the Federal Rules of Criminal Procedure, a defendant may move for a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. *See* Fed. R. Crim. P. 29. When ruling on a motion for judgment of acquittal made pursuant to Rule 29, the district court may grant the motion only if, after reviewing the record "'in a light most favorable to the prosecution,'" the court determines that "'no rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt.'" *United States v. Tyler*, 956 F.3d 116, 122 (3d Cir. 2020) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The Rule 29 standard is highly deferential, and the court's review under this standard is limited to consideration only of the sufficiency of the evidence admitted at trial. *See United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005); *United States v. John-Baptiste*, 747 F.3d 186, 201 (3d Cir. 2014) ("a defendant 'challenging the sufficiency

---

[3] Thompson alleges that in *United States v. Benjamin et al.*, 3:17-cr-00021, this Court suppressed his and his codefendant's cellphones. He also claims that the Court prohibited any mention of the contents of those phones in any potential trial in that case. *See* ECF No. 81. However, Thompson did not cite to the record of the prior case nor was the Court able to find any orders supporting Thompson's contentions.

of the evidence' pursuant to Rule 29 'bears a heavy burden.'") (quoting *United States v. Casper*, 956 F.2d 416, 421 (3d Cir. 1992)); *United States v. Duvergel*, 629 F. Supp. 246 (D.N.J 2022) ("The district court must view the evidence in its entirety and in the light most favorable to the government[.]"). Accordingly, district courts are only permitted to grant a judgment of acquittal in "cases where the prosecution's failure is clear." *United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002). Therefore, the "evidence need not unequivocally point to the defendant's guilt [to overcome a Rule 29 motion] as long as it permits the jury to find the defendant guilty beyond a reasonable doubt." *United States v. Pungitore*, 910 F.2d 1084, 1129 (3d Cir. 1990).

### B. Rule 33—Motion for a New Trial

While a defendant may move for a judgment of acquittal after being convicted, Rule 33 also allows a defendant to move for a new trial. *See* Fed. R. Crim. P. 33. A defendant may succeed on a Rule 33 motion if the defendant is able to show "there is newly discovered evidence or that there was a reversible error at his trial." *United States v. Benjamin*, Crim. No. 2013-32, 2014 WL 7156519, at *5 (D.V.I. Dec. 15, 2014). However, unlike Rule 29, where the court is limited in its scope of review, Rule 33 gives the court the discretion to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).[4] Although the court is allowed a bit more discretion under Rule 33 than Rule 29, the court is still only permitted to grant a defendant's motion for a new trial where the court "believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002). Thus, "[s]uch motions are not favored and should be 'granted sparingly and only in exceptional cases.'" *United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008) (quoting *Gov't of Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987)).

---

[4] *See also United States v. Brown*, Crim No. 22-108, 2022 WL 16855129, at *2 (D.N.J. Nov. 10, 2022) (noting the broader scope of review under Rule 33 than Rule 29).

*United States v. Thompson*
Case No. 3:22-cr-0002
Order
Page 5 of 9

Moreover, although a defendant may technically base a Rule 33 motion on claims of ineffective assistance of counsel,[5] the Third Circuit has made clear that such claims are highly disfavored at the Rule 33 stage, as ineffective assistance claims are almost always better addressed during a collateral proceeding following sentencing and direct appeal. *See United States v. Chorin*, 322 F.3d 274, n.4 (3d Cir. 2003) ("[T]his Court has expressed a preference that ineffective assistance of trial counsel claims be brought as collateral challenges under 28 U.S.C. § 2255, rather than as motions for new trials or on direct appeal…"); *United States v. DeRewal*, 10 F.3d 100, 104-05 (3d Cir. 1993) (explaining why Rule 33 is not a particularly useful vehicle for bringing ineffective assistance of counsel claims); *United States v. Kennedy*, 354 Fed. App'x. 632, 637 (3d Cir. 2009) ("We note at the outset that rarely, if ever, should an ineffectiveness of counsel claim be decided in a motion for a new trial or on direct appeal.").

Collateral proceedings are consistently more effective mechanisms for adjudicating ineffective assistance of counsel claims because they best accommodate finality and fairness. *See United States v. Ugalde*, 861 F.2d 802, 809 (5th Cir. 1988). During a collateral proceeding, unlike at other stages of a criminal case, "a factual record focused on the defendant's claim can be developed in the district court, including by 'taking testimony from witnesses for the defendant and the prosecution and from the counsel alleged to have rendered the deficient performance.'" *United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir. 2006) (quoting *Massaro v. United States*, 538 U.S. 500, 504–05 (2003)). Given the benefits of adjudicating these claims in a collateral proceeding, the Third Circuit has advised that a district court should only consider an ineffective assistance of counsel claim in a motion for a new trial in the unique circumstance "[w]here the record is sufficient to allow determination of ineffective assistance of counsel, [and] an evidentiary hearing to develop the facts is not needed." *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991).

### C.  Ineffective Assistance of Counsel Standard

If the record is sufficiently clear to adjudicate the ineffective assistance of counsel claim, then the defendant must satisfy the two-part *Strickland* test in order to prevail on his

---

[5] *See United States v. Brown*, 623 F.3d 104, 113 (2d Cir. 2010) (noting that "when a claim of ineffective assistance of counsel is first raised in the district court prior to the judgment of conviction, the district court may, and at times should, consider the claim at that point in the proceeding").

claims. "First, the petitioner must show that 'counsel's representation fell below an objective standard of reasonableness' under 'prevailing professional norms.'" *Collins v. Secretary of Penn. Dept. of Corrections*, 742 F.3d 528, 546 (3d Cir. 2014) (quoting *Strickland v. Washington*, 446 U.S. 668, 688 (1984)). During the step one analysis, the relevant inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. If defense counsel's conduct fell below this standard, the court will then proceed to step two.

The second inquiry requires the defendant to "show prejudice such that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Collins*, F.3d at 546 (quoting *Strickland*, 446 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 446 U.S. at 694.

Only once both prongs of the *Strickland* test are satisfied may a defendant succeed on a claim of ineffective assistance of counsel. While a defendant may indeed prevail on his claim under the *Strickland* test, the test is "highly deferential" to attorneys, and "surmounting *Strickland*'s high bar is never an easy task" for a defendant. *Harrington v. Richter*, 562 U.S. 86, 105 (2001); *Padilla v. Kentucky*, 559 U.S. 356 371 (2010).

### III.    ANALYSIS

After review, the Court will not reach the merits of Thompson's ineffective assistance of counsel claim because the Court believes this type of claim should be brought in a collateral proceeding as opposed to a Rule 29 or Rule 33 motion.

The conclusion that a Rule 29 motion for judgment of acquittal is not an effective vehicle for bringing Thompson's claims is self-evident. Here, Thompson essentially argues that absent the ineffective assistance he received from his attorney, the cell phone record evidence would not have been admitted, and consequently, there would not have been sufficient evidence to support his conviction. *See* ECF No. 81. But as previously mentioned, the sole focus of the Rule 29 inquiry is whether, after considering all the evidence admitted at trial, there was a sufficient basis to sustain the defendant's conviction beyond a reasonable doubt. *See* Fed. R. Crim. P. 29; *United States v. Elcock*, Crim No. 2017-0005, 2019 WL 3577658, at *4 (D.V.I. Aug. 5, 2019) (noting that under rule 29, the Court considers "the totality of the

evidence elicited in a case") (citing *United States v. Pavulak*, 700 F.3d 651, 668 (3d Cir. 2012)). There is no dispute that the evidence admitted in Thompson's case was sufficient to support a conviction on both counts.

Not only has the Government pointed to various other evidence demonstrating Thompson's guilt,[6] Thompson himself, effectively concedes that the evidence presented at trial was sufficient to support his conviction on both counts. *See* ECF No. 81.[7] Thompson merely contends that if he had effective representation, the cell phone record evidence would have been excluded, and the Government's remaining evidence would fail to support a conviction on either count. *See id.* However, under Rule 29, the Court is not permitted to reconsider whether evidence was properly admitted or whether the defendant's attorney provided ineffective representation. The Court must simply consider all the evidence presented during the trial and determine whether the jury could have reasonably found the defendant guilty of the offenses alleged. Based on the evidence before the Court, there is more than enough evidence to support Thompson's convictions. Accordingly, Thompson's motion for judgment of acquittal on both counts must be denied.

The Court also believes it is inappropriate for Thompson to bring his ineffective assistance of counsel claim under Rule 33.[8] While it is true that when a defendant moves for

---

[6] Along with the WhatsApp messages, the Government also submitted the "marijuana seized by Customs and Border Protection (CBP), surveillance video showing Defendant using his phone near the seized packages, [and] testimony from co-conspirator Calvin Benjamin that Defendant was part of the criminal activity." (ECF No. 87.) Additionally, the Government provided testimony from United States Postal Inspector Eric Oram regarding an interview between Oram and Thompson wherein Thompson stated, "he knew Calvin Benjamin, admitted to taking a photo of the packages containing marijuana and showed it to his co-conspirator just minutes before Benjamin entered the Post Office to retrieve the packages." *Id.* While the Court need not reach the issue today, it is likely that even without the cell phone record evidence, the Government presented enough other evidence to sustain convictions on both counts.

[7] By using "but for" causation to argue that the exclusion of the cell phone record would have led to his acquittal, Thompson's reasoning in the instant motion necessarily concedes there is sufficient evidence here for a conviction.

[8] To the extent that Thompson makes a separate argument that a new trial is warranted because the Court admitted the cell phone record evidence in error, the Court will deny that request as well. Under Rule 33, a new trial will generally only be granted if there is new evidence or a reversible error occurred during the trial. *See Benjamin*, 2014 WL 7156519, at *5. Thompson points to no new evidence. Furthermore, the argument that the cell phone record evidence was admitted in error is plainly meritless. Thompson claims the cell phone record evidence should not have been admitted because it was "highly prejudicial." (ECF No. 81 at 2.) However, the mere fact that evidence is highly prejudicial does not warrant excluding the evidence. *See United States v. Bailey*, 840 F.3d 99, 119 (3d Cir. 2016). The evidence must be *substantially* more prejudicial than probative. *See* Fed.

a new trial under Rule 33, the Court may consider issues beyond the sufficiency of the evidence, including claims involving ineffective assistance of counsel, to do so here would be premature. *See United States v. Kennedy,* 682 F.3d 244, 250 n.3 (3d Cir. 2012).

As noted earlier, ineffective assistance of counsel claims may only be brought under Rule 33 in a rare and narrow set of circumstances. To fit into this exception, the record in the case must already be sufficiently developed so that there is no need for an evidentiary hearing. *See Headley*, 923 F.2d at 1083. The Court believes the factual record here is not adequately developed so as to permit an effective review of the defendant's claims. For the record to be sufficient for immediate review, it must reflect not only the defendant's perception of events but defense counsel's perception and reasoning for his or her conduct as well. *See Government of the Virgin Islands v. Zepp*, 748 F.2d 125, 133 (3d Cir. 1984); *cf. United States v. Cocivera*, 104 F.3d 556, 571 (3d Cir. 1996) (allowing defendant's ineffective assistance claim to proceed on direct appeal because the district court already held an evidentiary hearing where defendant presented his claim and defense counsel explained the reasons for his actions). The record before the Court merely explains that defense counsel objected to the cell phone record evidence on foundation and hearsay grounds and then withdrew the objection. *See* ECF No. 71. Nothing in the record currently explains why defense counsel did not maintain his objection on those grounds or why he did not object to the admission of evidence for being unduly prejudicial. There certainly might have been a strategic reason for his actions, or as the Court suspects, defense counsel recognized that maintaining such objections was likely frivolous. Regardless of the reason, without defense counsel's perspective, the Court is left to speculate as to the motivation behind the attorney's conduct. Accordingly, given that the record is underdeveloped and the matter at issue does not involve a situation where defense counsel committed "the type of egregious error that

---

R. Evid. 403 (emphasis added). Here, the cell phone record evidence was clearly much more probative than prejudicial. Count Two required the Government to prove that Thompson used his cell phone to facilitate the commission of a felony. The cell phone record evidence went directly toward this issue by showing WhatsApp messages between Thompson and his fellow co-conspirators wherein the individuals planned the conspiracy and informed each other about the progress of the drug packages. Accordingly, this theory is frivolous. Moreover, the Court sees no other basis on the record which would indicate that the cell phone evidence should have been excluded during this trial. Therefore, to the extent Thompson is seeking to argue reversible error in his Rule 33 motion, it is denied.

would leave the Court with 'no rational basis' to believe that [the a]ttorney'[s] conduct was strategic[,]" this matter would be better resolved in a collateral proceeding where a full factual record can be developed. *United States v. Alleyne*, Crim No. 2015-0012, 2017 WL 1043290, at *6 (D.V.I. Mar. 16, 2017) (citing *Headley*, 923 F.3d at 1083.)[9]

## IV.    CONCLUSION

For the reasons stated above, the Court will deny Thompson's motion for judgment of acquittal and motion for new trial. An appropriate Order follows.


**Dated:** July 20, 2023                              /s/ Robert A. Molloy
                                                      **ROBERT A. MOLLOY**
                                                      **Chief Judge**

---

[9] The Court notes there was likely no error on defense counsel's part, let alone an egregious error. The record offers no evidence which would suggest that defense counsel's objection to the cell phone record evidence would have been sustained given the fact that the Government had given counsel notice of the evidence and provided a certificate of authenticity for the evidence. *See* ECF No. 71. Additionally, as noted in footnote 8, an objection for undue prejudice would likely have failed as well. *See supra* note 8. As such, this case is markedly distinguishable from *Headley* where there was no tactical reason for the attorney not to raise the issue. *See Headley*, 923 F.2d at 1083.